UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:25-CV-00175-KKC-EBA

QUIN CORNELIUS,                                                                          PLAINTIFF,

V.                             **REPORT AND RECOMMENDATION**

ASPEN CONSTRUCTION, INC., *et al.,*                                DEFENDANTS.

*** *** *** ***

On November 5, 2025, the undersigned entered an Order directing the Plaintiff, Quin Cornelius, to Show Cause why this action should not be dismissed for failing to comply with this Court's September 25, 2025, Order, and why Plaintiff and his Counsel should not be ordered to pay Defendant's, Aspen Construction, Inc. (Aspen), reasonable expenses, including attorney fees. [R. 28]. Mr. Cornelius filed a timely Response, asking the Court to dismiss the case as a sanction. [R. 29]. Aspen filed a Reply, requesting that the Court enter an order dismissing the case and ordering Mr. Cornelius and his Counsel to pay their reasonable attorney fees. [R. 30]. The undersigned then scheduled a hearing on the matter, and directed the Plaintiff, Mr. Cornelius, to personally appear at the hearing, warning him that failure to appear may result in recommending that his case be dismissed. [R. 33]. A hearing was held before the undersigned on January 14, 2026. Therefore, this matter is ripe for review.

**FACTUAL AND PROCEDURAL BACKGROUND**

Aspen filed a motion for a hearing on a discovery dispute, stating that Mr. Cornelius failed to respond to its First Set of Interrogatories, First Set of Requests for Production of Documents,

and First Set of Requests for Admissions. [R. 15]. The motion was granted, and the matter was scheduled for a telephonic conference on September 16, 2025. [R. 16]. Counsel for Aspen appeared for the call, but due to an unexpected occurrence, counsel for Mr. Cornelius was unable to attend and the telephonic conference was rescheduled for September 25, 2025. [R. 17]. At the September 25th telephonic conference, both parties were in attendance and the undesigned ordered the following:

> Within 7 days, plaintiff shall file complete responses to all outstanding discovery requests from the defendant, or, if plaintiff contends responses have already been submitted, resubmit discovery responses to the defendant. Further, Plaintiff shall FILE a notice in the record evidencing compliance with the Court's requirement within 7 days.

[R. 19]. On October 6, 2025, Aspen filed a motion for an Order to Show Cause, Motion to Compel, and Request for Sanctions, stating that Mr. Cornelius failed to comply with the Court's Order from the telephonic conference. [R. 20].

Counsel for Mr. Cornelius, Mr. Whitley, filed a response, explaining that he had been in touch with the Kentucky Bar Association's Ethical Hotline to seek advice on how he should handle the pending disputes. [R. 23 at pg. 1]. Further, Mr. Whitley explained that he was prohibited from detailing the exact correspondence with his client, but that Mr. Cornelius was not being responsive to the discovery requests. [*Id*. at pg. 2]. The matter was then set for another telephonic conference for November 4, 2025. [R. 26].

On November 4, 2025, the telephonic conference was called before the undersigned, and counsel for Aspen was in attendance, but counsel for Mr. Cornelius, Mr. Whitley, was not. The undersigned was not aware that Mr. Whitley would not be in attendance because he failed to inform the Court prior to the hearing. Mr. Whitley did have another lawyer, Charles Grundy, attend the telephonic conference to inform the undersigned of his absence. However, Mr. Grundy is not

counsel of record in the case, had no knowledge of the underlying facts in the case, and was not prepared to discuss the outstanding motion. As the parties were unable to discuss the ongoing discovery dispute and the outstanding motion, the undersigned took Aspen's motion, [R. 20], under advisement.

Following the telephonic conference, the undersigned entered an Order, [R. 28], granting Aspen's Motion for an Order to Show Cause, Motion to Compel, and Request for Sanctions. [R. 20]. Therein, the undersigned ordered Mr. Cornelius to file a verified response to the Order showing cause why this action should not be dismissed for failing to comply with this Court's September 25, 2025, Order, and why he and his counsel should not be ordered to pay Aspen's reasonable expenses, including attorney's fees. [R. 28]. On behalf of Mr. Cornelius, Mr. Whitley filed a Response. [R. 29]. Therein, Mr. Whitley explained that he was in touch with the Kentucky Bar Association's Ethical Hotline again to seek advice on how best to handle the issues with his client. [*Id*. at pg. 1]. Ultimately, pursuant to Mr. Cornelius' statements, Mr. Whitley requested that the case be dismissed as a sanction. [R. 29 at pg. 2]. Aspen file a Reply, requesting the Court to enter an order dismissing the case and ordering Mr. Cornelius and his counsel to pay all attorney fees and costs that Aspen incurred in defending this lawsuit. [R. 30 at pg. 3].

On January 14, 2026, the matter came before the undersigned for a hearing. Counsel for Aspen and Counsel for Mr. Cornelius were in attendance. However, Mr. Cornelius was not present, despite being warned that failure to appear may result in the undersigned recommending that his case be dismissed. [R. 33]. Mr. Whitley confirmed that he informed Mr. Cornelius of the Order directing him to appear, and that Mr. Cornelius had not provided any reason for his non-appearance.

At the hearing, Counsel for Aspen explained that they were seeking dismissal of all claims brought by Mr. Cornelius because he has continuously failed to cooperate with discovery. Further, Aspen explained that if the Court dismissed Mr. Cornelius's claims, it would not pursue its counter claim and orally moved for a voluntary dismissal of its counter claim, pending the undersigned's recommendation that Mr. Cornelius' claims be dismissed. Mr. Whitley explained that because his client had failed to appear, he was not in a position to object to dismissing the claims.

## ANALYSIS

1. <u>Dismissal of the Case</u>

"Under FED. R. CIV. P. 37(b)(2)(A), a district court may sanction parties who fail to comply with its order in a variety of ways, including dismissal of the lawsuit." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)). "[D]ismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness"; "[a] willful violation occurs whenever there is a conscious and intentional failure to comply with the court order." *Bass*, 71 F.3d at 241 (citing *Brookdale Mill, Inc. v. Rowley*, 218 F.2d 728, 729 (6th Cir. 1954)). Additionally, the Sixth Circuit has identified three other factors, apart from the willfulness of a party's disobedience, they consider in evaluating whether the district court's dismissal of a case was an abuse of discretion. *Id*. The factors include whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; whether the dismissed party was warned that failure to cooperate could lead to dismissal; and whether less drastic sanctions were imposed or considered before dismissal was ordered. *Id*.

Here, all of the factors weigh in favor of dismissing the case. First, considering the willfulness of the actions, Mr. Cornelius has been consistently unwilling to participate in

discovery. He failed to respond to Aspen's First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admission, which led to a telephonic conference before the undersigned. [R. 15]. At the telephonic conference, Mr. Cornelius was ordered to file complete responses to all outstanding discovery requests from Aspen and to file a notice in the record evidencing compliance with the Court's requirement within seven days. [R. 19]. Mr. Cornelius failed to comply with that Order and then his counsel failed to appear at the telephonic conference that followed without notifying the Court that he would be absent. Additionally, Mr. Whitley stated that Mr. Cornelius was unwilling to complete discovery, stating: "I don't care if the judge dismisses my case, I am not answering additional questions." [R. 29 at pg. 1]. Mr. Cornelius then failed to appear at the hearing before the undersigned, despite being directed to do so and being warned that failure to appear could result in a recommendation that his claims be dismissed. [R. 33]. The decisions not to comply with discovery and with this Court's Order were willful decisions by Mr. Cornelius and his counsel.

The next factor, prejudice, also weighs in favor of dismissal. Aspen has incurred legal expenses and costs during its continued attempts to engage in discovery with Mr. Cornelius. Aspen had to file motions for and attend multiple telephonic conferences, including ones that Mr. Cornelius' counsel did not attend. [R. 15; R. 18; R. 19; R. 24; R. 27]. Aspen also incurred expenses in bringing their Motion for an Order to Show Cause, Motion to Compel, and Request for Sanctions. [R. 20].

Considering the next factor, Mr. Cornelius was aware that the failure to comply with discovery requests and this Court's Orders could result in dismissal of this case. This is evidenced by Mr. Whitley's statements that he warned Mr. Cornelius that his failure to respond could result in the case being dismissed. [R. 23 at pgs. 1-2]. The undersigned also warned Mr. Cornelius that

failure to attend the hearing before the undersigned may result in a recommendation of his claims being dismissed. [R. 33]. However, Mr. Cornelius still failed to appear.

Regarding the final factor, the undersigned did consider less drastic sanctions. However, the undersigned believes that Mr. Cornelius' repeated failures to comply with discovery requests, his failure to comply with this Court's September 25, 2025, Order, and his failure to appear at the January 14, 2026, hearing before the undersigned warrants dismissal of his claims. *See Bryant v. U.S., ex rel. U.S. Postal Service*, 166 Fed.Appx. 207 (6th Cir. 2006) (holding that the dismissal of a case as a sanction was not an abuse of discretion where the plaintiffs failed to engage in discovery and failed to comply with the court's orders). Moreover, dismissal is the only appropriate sanction because Mr. Whitley's statements indicate that he does not believe Mr. Cornelius will comply with discovery in the future and has requested that the case be dismissed as a sanction. [R. 29 at pg. 2]. Thus, the undersigned will recommend that this action be dismissed.

Additionally, at the January 14, 2026, hearing before the undersigned, Aspen orally moved to dismiss its counter claim, if the undersigned recommended dismissing Mr. Cornelius' claims. Therefore, because the undersigned is recommending dismissing Mr. Cornelius' claims, it will recommend granting Aspen's motion and further recommend dismissing Aspen's counter claim. Because the undersigned is recommending dismissing all claims, the undersigned will order that Aspen's pending motion to compel, [R. 31], be denied as moot.

2. Reasonable Attorney's Fees

Mr. Cornelius was also ordered to show cause why he and his counsel should not be ordered to pay Aspen's reasonable expenses, including attorney fees. [R. 28 at pgs. 2-3]. Aspen argues that Mr. Cornelius failed to effectively respond to the Court's Order regarding reasonable expenses and asks this Court to order Mr. Cornelius and Mr. Whitley to pay all the attorney fees and costs

it incurred in defending this lawsuit and prosecuting its counterclaims. [R. 30 at pg. 3]. At the January 14, 2026, hearing, Aspen renewed its request for attorney fees. The undersigned took the issue of attorney fees under advisement and directed Aspen to file an itemized list of the attorney fees they are requesting within 14 days of entry of this order. Further, Mr. Whitley was directed to file a response, indicating his position on the issue, no later than 7 days after Aspen's itemized list is filed.

## Conclusion

Accordingly, for the reasons laid out above,

**IT IS RECOMMENDED** that all claims brought by the Plaintiff, Mr. Cornelius, are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Defendant Aspen's oral motion to dismiss its counter claim is **GRANTED**. Aspen's counter claim against Mr. Cornelius is **DISMISSED WITHOUT PREJUDICE**.

Further**, IT IS ORDERED** that Aspen's Motion to Compel, [R. 31], is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Aspen's request for attorney fees is **TAKEN UNDER ADVISMENT**. Aspen is directed to file an itemized list of the attorney fees they are requesting **within 14 days of entry of this order**. Further, Mr. Whitley is directed to file a response no later **than 7 days after Aspen's itemized list is filed.**

\*\* \*\*\* \*\*\* \*\*\*

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United*

*States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. FED. R. CIV. P. 72(b)(2).

Signed January 14, 2026.



Signed By:
*Edward B. Atkins* ℰℬA
United States Magistrate Judge